STATE OF TENNESSEE ex rel. FRED GILLIAM,
Attorney General, etc., Appellees

*v.*

J. D. HENDRIXSON, Supt. of Schools of DeKalb
County et al., Appellants.

(*Nashville*, December Term, 1956.)

Opinion filed July 29, 1957.

MCALLEN FOUTCH, Smithville, for relator.

GEORGE S. BUCKNER and JAMES W. BUCKNER, Murfrees-
boro, for Hendrixson.

Mr. Justice Swepston delivered the opinion of the Court.

The bill in this case was filed by Miss Bettye Sue Hancock and Mrs. Corinne Hayes with the District Attorney General joining in, against J. D. Hendrixson, the Superintendent of Schools of DeKalb County and the members of the Board of Education for the purpose of enjoining said respondents from transferring each of said ladies from the school where she has been teaching for several years to another school. Respondents demurred, the demurrer was overruled and respondents are here on appeal.

Without any intention whatsoever to depreciate the efforts of counsel for appellants, we do not find it necessary to go into detail in order to dispose of this appeal.

The substance of the demurrer is to the effect that the bill, which seeks extraordinary relief, does not state the facts fully and in detail as is required where extraordinary relief is sought, but that the bill merely states conclusions of the pleader, which are insufficient for the purpose of the bill. See Gibson's Suits in Chy., 4th ed., sec. 142, sub-section 2, and section 838.

Except for one statement in the bill, the demurrer would raise a very serious question. The complainants rely, of course, upon the Teachers Tenure Statute embraced in T.C.A. sec. 49-1401 *et seq*. That statute is

rather fully discussed in *State v. Yoakum,* 201 Tenn. 180, 297 S.W.2d 635, to which reference is here made. The bill on page 7, at the top, contains the following paragraph:

> "These complainants further allege and charge that since the aforesaid action of the defendants was arbitrary, without just cause, against the interest of the public school system of DeKalb county, and without consideration for the teachers so transferred, they were unlawfully deprived of notice of any charges or accusations against them and of a fair hearing before the DeKalb County Board of Education, although both complainants requested same repeatedly; and that the defendants have failed or refused to comply with these requests *but have stated that there were no charges or accusations against these complainants and no valid reasons for effecting their transfers."*
> (Emphasis ours.)

It seems perfectly obvious, therefore, that on this allegation, if the same be true, that there were no charges or accusations against the two teachers and that the defendant had no valid reason for effecting their transfers, then it must follow as a matter of course, that the action was arbitrary. Whether or not this allegation can be sustained by proof is a different question, but we think the Chancellor was correct in overruling the demurrer and, therefore, his decree is affirmed.